IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GARY DEWAYNE COOPER                                                           PETITIONER
ADC #121090

V.                              NO. 5:10cv00076 SWW-JWC

RAY HOBBS, Director,                                                          RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days after being served with the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3. An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**RECOMMENDED DISPOSITION**

Gary Dewayne Cooper, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 2). For the reasons that follow, the petition should be **denied with prejudice** as barred by the one-year statute of limitations applicable to federal habeas petitions. *See id.* § 2244(d).

I.

On November 6, 2006, Petitioner appeared before the Circuit Court of Garland County, Arkansas, entered negotiated guilty pleas to two separately charged counts of rape, and was sentenced to two 360-month imprisonment terms, to be served concurrently. (Resp't Ex. C, D, E, F & G [docs. 9-4, 9-5, 9-6, 9-7, 9-8].) His judgment and commitment orders were signed by the circuit judge and certified by the circuit clerk on November 14, 2006, and November 21, 2006, respectively. (Resp't Ex. A & B [docs. 9-2, 9-3]. By pleading guilty, Petitioner waived his right to a direct appeal under Arkansas law. *See* Ark.

R. App. P.-Crim. 1(a) (2006). However, he had the right to challenge his convictions by filing a petition for state post-conviction relief within ninety days of entry of his judgments, pursuant to Ark. R. Crim. P. 37. *See id.* 37.2(c). He did not do so.

More than two years later, on December 30, 2008, Petitioner filed in state court a petition for writ of habeas corpus pursuant to Ark. Code Ann. § 16-112-101, *et seq.* He alleged that counsel was ineffective during sentencing for failing to object to his "enhanced" sentence of 360 months, that he was illegally sentenced in excess of the presumptive sentence of 240 months, and that he was subjected to double jeopardy. (Resp't Ex. H [doc. 9-9].) The state circuit court denied his petition. *Cooper v. State*, No. LCV-2008-143-5 (Lincoln Co. Cir. Ct. Mar. 18, 2009) (Resp't Ex. I [doc. 9-10]). The court held: (1) that ineffective-assistance claims are not cognizable in state habeas actions; (2) that Petitioner's sentences were not illegal because, although his plea negotiations were for sentences that were an upward departure from the presumptive sentences set by the Arkansas Sentencing Commission, they were still within the statutory range of punishment for the crimes; and (3) that he was not subjected to double jeopardy because his sentences were imposed for separate crimes.[1] Petitioner did not appeal the state habeas ruling.

Petitioner now brings this federal habeas petition advancing the following claims:

(1) His sentences are illegal because he entered a negotiated plea to only one offense, but received concurrent sentences for two offenses;

(2) His state court attorney was ineffective for allowing judgment to be entered against him on a charge to which he never negotiated a plea; and

---

[1] The charges in one case stemmed from the June 2, 2006, rape of a 72-year-old woman, and in the other case from the July 11, 2005, rape of an 85-year-old woman. (Resp't Ex. A, at 5; Resp't Ex. B, at 5; Resp't Ex. G, at 5-7 [docs. 9-2, 9-3, 9-8].)

> (3)   He was subjected to double jeopardy because he only pleaded guilty to one charge but received two sentences.

In response (doc. 9), Respondent asserted that the petition should be dismissed for two reasons: (1) as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d); or (2) as procedurally defaulted because Petitioner failed to properly present his claims to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991). The Court notified Petitioner of his opportunity to address both arguments (doc. 10). In reply (doc. 12), Petitioner moved to dismiss his petition without prejudice to pursue a previously unavailable state court remedy, but did not address the statute-of-limitations argument. Respondent then argued (doc. 13) that the petition should be dismissed with prejudice because it was clearly untimely and because no non-futile state court remedies remained available for Petitioner to pursue. The Court gave Petitioner a second opportunity to reply fully to Respondent's arguments, explaining the ramifications of a dismissal with prejudice (doc. 14). Petitioner requested an extension of time, which was granted (docs. 16, 17). The extended deadline of October 15, 2010, has passed, and Petitioner has not filed his reply.

II.

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for federal habeas relief within one year after the state conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner pleaded guilty in November 2006. As stated, his guilty pleas waived his right to direct review under Arkansas law, thereby making his judgments final at the time of entry. Although he had ninety days to file a Rule 37 post-

conviction petition, the time during which he could have pursued state post-conviction relief does not toll the limitations period. *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 854-55 (8th Cir. 2003); *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001); *see also Boston v. Weber*, 525 F.3d 622, 624-26 (8th Cir. 2008) (time between the date that direct review of a conviction is completed and the date that a state habeas action is filed counts against the one-year period); *Runyan v. Burt*, 521 F.3d 942, 944 (8th Cir. 2008) (same).

Therefore, the one-year limitations period began running when Petitioner's judgment and commitment orders were entered of record by filing with the circuit court clerk, *i.e.*, November 14, 2006, and November 21, 2006.[2] Filing deadlines fall on the anniversary date of the triggering event, making any federal habeas petition due, at the latest, on November 21, 2007. *See Wright v. Norris*, 299 F.3d 926, 927 n.2 (8th Cir. 2002).

Assuming Petitioner submitted this federal habeas petition to prison officials for mailing on the day he signed it, the petition is deemed "filed" on March 17, 2010 (doc.2, at 14). *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing); *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (timeliness of federal habeas petition measured from date delivered to prison authorities for mailing to

---

[2]These are the dates the judgment and commitment orders were signed by the state circuit judge and "certif[ied] as a true and correct record" by the state circuit clerk. (Resp't Ex. A, at 2; Resp't Ex. B, at 2 [docs. 9-2, 9-3].) For purposes of this recommendation, the Court assumes these were also the dates of entry of record. *See Bradford v. State*, 94 S.W.3d 904, 908-09 (Ark. 2003) (under Arkansas law, criminal judgment is effective when entered of record by filing with circuit court clerk); Ark. Sup. Ct. Admin. Order No. 2(b)(2) (judgment, decree or order is entered when stamped or otherwise marked with the date and time and the word "filed").

court clerk). This was more than three years after Petitioner's state convictions became final, clearly outside the one-year limitations period.

Section 2244(d)(1) contains three provisions which will delay the date on which the statute of limitations begins running, none of which Petitioner invokes. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Specifically, there is no allegation or evidence of any state-created impediment which has prevented him from seeking federal habeas relief since his convictions under subsection (d)(1)(B), and he does not allege any factual predicates which could not have been discovered earlier under subsection (d)(1)(D). He does not base his claims on any United States Supreme Court case announcing a newly recognized constitutional right under subsection (d)(1)(C), and the rights at issue are well-established. *See United States v. Addonizio*, 442 U.S. 178 (1979) (standard for collateral review of sentences); *Hill v. Lockhart*, 474 U.S. 52 (1985) (counsel's ineffectiveness in connection with guilty plea); *North Carolina v. Pearce*, 395 U.S. 711 (1969) (double jeopardy clause protects against multiple punishments for the same offense).

Time consumed by properly filed post-conviction proceedings in state court does not count against the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, Petitioner's state habeas petition was filed on December 30, 2008, more than a year *after* the statutory deadline. The statute of limitations for a federal habeas filing cannot be tolled after it has expired. *Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006). Section 2244(d)(2)'s tolling provision does not revive an expired limitations period or restart the one-year calculation. Therefore, the state habeas petition has no effect on the limitations period applicable to Petitioner's claims. Moreover, as the statute of limitations has already expired, any current or future efforts to seek post-conviction relief made by Petitioner in

state court can have no effect on the timeliness of the claims raised in this federal petition. *See id.*; *Curtiss*, 338 F.3d at 853; *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (allowing petitioner "to return to state court and exhaust after the one-year statutory limitations period has expired would defeat the purpose [of the statute] to expedite federal habeas review").

The one-year statutory limitations period is also subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been "pursuing his rights diligently" but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562. Here, Petitioner waited two years after his convictions became final before seeking any post-conviction relief in state court, then, once he received a ruling from the state court on his state habeas petition, he waited another year before filing his federal habeas petition. This does not demonstrate diligence. *See Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (petitioner failed to pursue his rights diligently by not filing his federal habeas petition until nine months after state supreme court denied rehearing in his post-conviction proceeding); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (habeas petitioner not entitled to equitable tolling where he waited to file his federal petition until eight months after receiving notice that his judgments were final).

Furthermore, Petitioner has made no allegation, much less demonstrated, that some extraordinary circumstance stood in his way to prevent a timely filing. *Nelson*, 618 F.3d at 893. Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair

and appropriate limitations period. *Runyan*, 521 F.3d at 945-46. It is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (no equitable tolling due to confusion about the law, court-appointed counsel's miscalculation, or petitioner's alleged mental incapacity); *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005) (no tolling where petitioner did not diligently seek state and federal relief); *Earl*, 556 F.3d at 724-25 (no tolling due to delayed receipt of case file, pro se status, lack of access to legal materials and limited time in library); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (petitioner's misunderstanding of state post-conviction procedures; pro se status, lack of legal knowledge or legal resources); *Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003) (incarcerated petitioner's limited law library access and alleged lack of notice of federal habeas statute of limitations). As illustrated by the cited cases, any obstacles faced by Petitioner were certainly not extraordinary when measured according to those encountered by a typical prisoner who prosecutes a pro se federal habeas petition.

In summary, Petitioner filed this petition outside the one-year limitations period provided in § 2244(d), and he has not demonstrated that the period should be tolled or extended under any statutory provision or equitable principles. Because the Court finds that the petition is time-barred, Respondent's procedural default argument need not be addressed.

Dismissal with prejudice is appropriate. Allowing Petitioner to return to state court to exhaust a still existing state remedy would do nothing to cure the untimeliness of the claims in this petition. *See Jackson*, 180 F.3d at 920. Furthermore, Petitioner has not

identified any additional unexhausted claims for which he has an available, non-futile state remedy. *See* doc. 14, at 3 (directing Petitioner to identify the claims he wished to raise in state court and state what remedy he planned to pursue).

Petitioner also asks that these proceedings be "suspended" (doc. 12, at 2). To the extent he is asking the Court to stay these proceeding while he returns to state court, this request should be denied. The stay-and-abeyance procedure for "mixed" petitions authorized by *Rhines v. Weber*, 544 U.S. 269 (2005), is limited to timely petitions containing both exhausted and unexhausted claims. *Parmley v. Norris*, 586 F.3d 1066, 1073, 1079 n.14 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 3522 (2010). As Petitioner has not identified any unexhausted claims, this petition is neither timely nor "mixed."

In any event, dismissing this petition with prejudice does not prevent Petitioner from pursuing relief in the state courts. Instead, it means that, after completing any additional state court proceedings, he will be subject to several strict statutory requirements if he later returns to federal court and tries to file a second federal habeas petition. *See* 28 U.S.C. § 2244(b)(1) (requiring dismissal of all claims presented in a prior habeas petition), § 2244(b)(2) (allowing presentation of new claims only under limited circumstances), § 2244(b)(3) (requiring petitioner to obtain permission from the appropriate Court of Appeals before filing a second or successive habeas petition).

III.

Accordingly, Petitioner's motion to dismiss this 28 U.S.C. § 2254 petition **without prejudice** (doc. 12) should be **denied**, and the petition (doc. 2) should be **denied as untimely, dismissing this action in its entirety with prejudice.** Furthermore, a certificate of appealability should be denied, as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2); Rule 11, Rules Governing § 2254 Cases in United States District Courts.

DATED this 8th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE